# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>STEVEN LEE BROWN,<br><br><div align="right">Petitioner.</div> | No. 59184-7-II<br><br>UNPUBLISHED OPINION |

Lee, J. — In his personal restraint petition (PRP), Steven Brown seeks relief from personal restraint following his conviction on three counts of child molestation and one count of child rape. In his petition, Brown makes various arguments regarding alleged conflicts of interest on the part of the trial judge, defense counsel, and a State's witness. Brown also argues his speedy trial rights were violated, that another State's witness manufactured evidence, and that his interpreters were inconsistent. In a supplemental brief, Brown argues the trial court denied him reasonable accommodations for his disability and that he received ineffective assistance of counsel.

However, because Brown's PRP was filed more than a year after his judgment and sentence became final, it is time-barred, and we dismiss Brown's untimely PRP.

## FACTS[1]

In 2016, the State charged Steven Brown with several counts of child rape and child molestation against two victims, K.F. and C.F. *State v. Brown*, No. 83491-6-I, slip op. at 2 (Wash. Ct. App. Aug. 29, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/834916.pdf,

---

[1] The facts presented are from the opinion addressing Brown's direct appeal. *See State v. Brown*, No. 83491-6-I, slip op. at 2-4 (Wash. Ct. App. Aug. 29, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/834916.pdf, *review denied*, 200 Wn.2d 1025 (2023).

*review denied*, 200 Wn.2d 1025 (2023). The case proceeded to a jury trial, and in March 2020, the jury found Brown guilty of second-degree child rape, second-degree child molestation, and two counts of third-degree child molestation. *Id.* at 3-4.

Brown appealed his convictions. Division One of the Court of Appeals affirmed Brown's convictions but reversed the trial court's imposition of community custody supervision fees. *Id.* at 1-2.

Division One entered a mandate on Brown's direct appeal on January 27, 2023. Brown filed his PRP on January 29, 2024.

ANALYSIS

Brown raises several arguments in his PRP.[2] Because Brown's PRP is time-barred, we do not reach the merits of Brown's petition and affirm his convictions.[3]

---

[2] In his PRP, Brown argues that his convictions should be reversed because (1) of a judicial conflict of interest; (2) the presence of "issues regarding consistency using the same interpreters" created "serious disconnect of any familiarity of interpreters"; (3) the forensic interviewer who testified at his trial had a conflict of interest because she worked for the prosecutor's office; (4) one of the lay witnesses at trial—a friend of the victims' family—"organized, coached and implemented" the accusations against Brown and otherwise "manipulate[d]" evidence; (5) defense counsel had a conflict of interest because she knew the trial judge outside of work; (6) the trial court erred in finding that he was competent to stand trial; and (7) his speedy trial rights were violated. PRP at 6, 7.

[3] Brown filed a supplemental brief on September 13, 2024. In his supplemental brief, Brown argues for the first time that (1) the trial court erred by denying his request for accommodations for his communication difficulties; (2) defense counsel provided ineffective assistance by "fail[ing] to advise the trial court [of GR 33]"; and (3) appellate counsel provided ineffective assistance when appellate counsel "failed to challenge the denial of his request for [accommodations]" on direct appeal. Suppl. Br. of Pet'r at 29, 30.

Brown then filed a reply to the State's responsive briefing on March 4, 2025. In his reply, Brown raises equitable tolling in response to the State's argument that the PRP was untimely because it was filed after the statutory deadline set forth in RCW 10.73.090. Reply Br. of Pet'r at

A.      BROWN'S PRP IS TIME-BARRED

RCW 10.73.090 states that a PRP must be filed within one year of a judgment and sentence becoming final.  Here, Brown's judgement became final on January 27, 2023, when Division One issued its mandate disposing of Brown's direct appeal.  RCW 10.73.090(3)(b).  Thus, Brown had until January 27, 2024, to file his PRP.  Brown did not file his PRP until January 29, two days after the statutory one-year time limit had expired.

RCW 10.73.090 is a statute of limitations for filing a PRP.  *In re Pers. Restraint of Benn*, 134 Wn.2d 868, 938, 952 P.2d 116 (1998); *see also In re Pers. Restraint of Hoisington*, 99 Wn. App. 423, 431, 993 P.2d 296 (2000) (RCW 10.73.090 acts as a bar to considering PRPs filed after the limitation period has passed unless an exemption in RCW 10.73.100 applies.).

Here, Brown's judgment and sentence became final on January 27, 2023, when Division One entered the mandate terminating review of Brown's direct appeal.  Thus, the statutory deadline for Brown to file his PRP was January 27, 2024.  RCW 10.73.090.  Brown filed his PRP on January 29, 2024, *after* the expiration of the statutory one-year time limit.  Brown acknowledges that his PRP was untimely filed.  However, Brown has not demonstrated, or even argued, that one of the exemptions enumerated in RCW 10.73.100 apply.  Therefore, because RCW 10.73.090 is a statute of limitations and Brown failed to file his PRP within the one-year time limit specified in the statute, Brown's PRP is untimely.[4]

---

1 (acknowledging that while the State's untimely filed PRP assertion "may be true, this Court should apply the doctrine of equitable tolling given the extraordinary circumstances . . . and conclude his PRP was timely").

[4] In his supplemental brief (filed over eight months *after* Brown filed his PRP), Brown raised GR 33 arguments for the first time.  These new arguments are subject to the time limitation provided

B.      EQUITABLE TOLLING

The parties agree that Brown's PRP was not timely filed.[5]  Brown does not argue that any

of the exemptions to RCW 10.73.090's time bar apply, or that his judgment and sentence is facially

invalid or was entered by a court without competent jurisdiction.  Rather, Brown argues that this

court should apply the doctrine of equitable tolling to conclude his PRP was timely.

The statutory one-year time bar for filing a PRP is subject to equitable tolling.  *In re Pers.*

*Restraint of Fowler*, 197 Wn.2d 46, 53, 479 P.3d 1164 (2021).  Equitable tolling is a sparingly

used remedy allowing an otherwise time-barred action to proceed "'when justice requires it.'"  *Id.*

(quoting *In re Pers. Restraint of Bonds*, 165 Wn.2d 135 141, 196 P.3d 672 (2008) (plurality

opinion)).  A petitioner is entitled to equitable tolling if the petitioner demonstrates that "they have

diligently pursued their rights and the petition was untimely because of bad faith, deception, or

false assurances."  *Id.*

Here, Brown argues that his "intellectual, communication, and physical disabilities" are

extraordinary circumstances justifying the equitable tolling of RCW 10.73.090.  Reply Br. of Pet'r

at 1.  Brown's disabilities, however, do not amount to "bad faith, deception, or false assurances."

*Fowler*, 197 Wn.2d at 53.

---

in RCW 10.73.090 and .100.  RAP 16.8(e); *see also In re Pers. Restraint of Haghighi*, 178 Wn.2d
435, 446-47, 309 P.3d 459 (2013) (New arguments do not "relate back" to the original filing and
any new claim must be timely raised.).  Because we hold that the PRP itself was untimely filed
and time-barred, the new arguments raised in Brown's supplemental brief also are untimely and
time-barred.

[5]  Brown made no mention of the time bar in his original petition or supplemental brief.  The State
raised the timeliness issue in its response brief..  Brown conceded in his reply brief that his petition
was untimely and raised an equitable tolling argument in response to the State's timeliness
argument.

Brown notes that "[u]nder federal law, the statutory deadline for filing a habeas petition may be equitably tolled based on a petitioner's mental impairment," and argues that his own mental impairment would therefore justify equitable tolling in his case. Reply Br. of Pet'r at 2 (citing *Bills v. Clark*, 628 F.3d 1092, 1099-101 (9th Cir. 2010)). However, Brown cites no authority from Washington to support his proposition. Nor is this court bound by the Ninth Circuit's interpretation of the equitable tolling doctrine. And Brown does not argue that this court should adopt the Ninth Circuit's precedent regarding equitable tolling and mental impairment.

Even if this court were bound by *Bills*, Brown's claim would still fail because he does not satisfy the standard articulated in *Bills*. In *Bills*, the Ninth Circuit articulated the standard applicable to a petitioner arguing equitable tolling based on a mental impairment:

> (1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
>> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills*, 628 F.3d at 1099-100 (internal citation and footnote omitted).

Here, Brown's equitable tolling argument fails because he does not explain how his mental impairment precluded him from understanding "the need to timely file." *Id.* at 1100. For example, Brown argues that the record makes it "apparent . . . that Brown lacks the intellectual and physical ability to prepare a PRP" such that "his only chance of pursuing a PRP was for someone else to prepare it for him." Reply Br. of Pet'r at 5. However, Brown was able to have his "uncle Gary

Woods to assist with th[e] process" of preparing a PRP; Brown's uncle "spent many many hours to learn and understand" Brown's case "in a span of only a few months." PRP at 5. Thus, the record shows that Brown engaged his uncle's assistance to prepare his PRP. However, Brown does not explain why his PRP was filed late *despite* his uncle's assistance. In other words, there is simply no argument connecting Brown's impairment to the untimely filing.

Moreover, in his petition, Brown notes that he had "more grounds that should be on here. However, not enough time to do it as this point." PRP at 9. This suggests that Brown was aware of the impending filing deadline, but he does not explain how his impairments prevented him from complying with that deadline, or that his impairments rendered him incapable of ensuring his uncle complied with the deadline, assuming Brown's uncle filed the PRP on Brown's behalf.

Here, there is no record as to why Brown failed to file his petition within the one-year time limit set forth in RCW 10.73.090, but the record is clear that Brown was aware of the deadline. "[O]rdinary . . . negligence" does not amount to an extraordinary circumstance justifying equitable tolling; thus, Brown's equitable tolling claim fails. *Fowler*, 197 Wn.2d at 54.[6]

In sum, there is nothing in the record to show how Brown's impairments interfered with his ability to comply with the statutory deadline set forth in RCW 10.73.090. And even if we accept as true that Brown was impaired and required his uncle's help to prepare a PRP, Brown still fails to explain how his impairment caused the late filing of his PRP. Thus, we dismiss Brown's PRP because the PRP is time-barred and Brown's equitable tolling argument fails.

---

[6] Also, as our Supreme Court has noted, "ordinary attorney negligence, such as miscalculating the filing deadline, is generally not an extraordinary circumstance" justifying the equitable tolling of RCW 10.73.090. *Fowler*, 197 Wn.2d at 54.

No. 59184-7-II

CONCLUSION

Because Brown's PRP was untimely filed and is time-barred, we dismiss Brown's PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Che, J.